UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTOREY DANYELL HARPER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES, ET AL,<br><br>Defendants. | Case No.: 3:17-cv-01982-GPC-BGS<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IFP [ECF No. 2]**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT** |

**INTRODUCTION**

On September 27, 2017, Plaintiff Montorey Danyell Harper ("Plaintiff"), proceeding pro se, initiated this action against defendants United States, United Nations, and NATO (collectively "Defendants"). (ECF No. 1.) Plaintiff concurrently filed a motion to proceed in forma pauperis ("IFP"). (ECF No. 2.) For the reasons set forth below, the Court **DENIES** Plaintiff's motion and sua sponte **DISMISSES** Plaintiff's complaint for failure to state a claim on which relief may granted.

//
//
//
//

1

# DISCUSSION

## I. Motion for Leave to Proceed IFP

Any party instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.00. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Under 28 U.S.C. § 1915(a), the Court may waive the filing fee if a party demonstrates an inability to pay by submitting an affidavit reporting all assets of the individual. 28 U.S.C. § 1915(a). The plaintiff must submit an affidavit demonstrating an inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. *Id.* § 1915(a)(1). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to 28 U.S.C. § 1915(e)(2) ("§ 1915(e)(2)"). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

In his declaration accompanying the Motion to Proceed IFP, Plaintiff states that he receives $2915 in disability payments and $1315 in other income, and thus has a monthly income of $4230. (ECF No. 2 at 2). Plaintiff has $20.00 in cash and has a bank account with $1495. (*Id.*) Plaintiff does not have any other significant assets such as real estate, stocks, bonds, or securities. (*Id.*) Plaintiff has regular monthly expenses in the amount of $4480—$2670 on housing, $800 on food, $700 on recreation and entertainment, $160 on clothing and laundry, $50 for business operation expenses, and $100 on transportation. (*Id.*) Plaintiff does not have any dependents, debts owed, or financial obligations. (*Id.*)

Based on Plaintiff's representations, the Court finds that he is able to pay the filing fee due to the existing funds in his bank account and because he can make acceptable sacrifices to other expenses. Accordingly, the Court **DENIES** Plaintiff's motion for leave to proceed IFP.

//

## II. Sua Sponte Screening

A complaint filed by any person proceeding IFP, pursuant to 28 U.S.C. § 1915(a), is additionally subject to mandatory sua sponte screening. The Court must dismiss any complaint if at any time the Court determines that it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

The requirements under 28 U.S.C. § 1915(e)(2)(B)(ii) are analogous to those under Federal Rule of Civil Procedure (hereinafter "Rule") 12(b)(6). Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In addition to the liberal pleading standards set out in Rule 8(a), a document filed pro se is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When the plaintiff is appearing pro se, the court affords the plaintiff any benefit of the doubt. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2001); *Karim-Panahi*, 839 F.2d 621, 623

(9th Cir. 1988).

As currently pleaded, Plaintiff's complaint is subject to *sua sponte* dismissal because it fails to state a claim upon which relief can be granted. Plaintiff's allegations are scattered, not comprehensible, unsupported by any factual allegations, and fail to state a claim that is plausible. Plaintiff appears to claim that he was sent a threatening email from Loyal Towing, who Plaintiff does not name as a Defendant. Further, Plaintiff appears to allege that the "US and others" bear some responsibility in stopping this alleged threat. (ECF No. 1 at 2.) As pleaded, the allegations in the Complaint are insufficient to put Defendants on notice of the claims against them, as required by Federal Rule of Procedure 8.

Accordingly, as currently pled, Plaintiff's complaint is subject to sua sponte dismissal and the Court **DISMISSES** Plaintiff's complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion to proceed IFP and sua sponte **DISMISSES** Plaintiff's complaint without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: September 28, 2017

Hon. Gonzalo P. Curiel
United States District Judge